■ In the Matter of RUTH MARTIN, Petitioner, v JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated February 20, 1980 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for a supplemental grant for furniture. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The State commissioner's determination is supported by substantial evidence. Margett, J. P., O'Connor, Weinstein and Bracken, JJ., concur.

■ In the Matter of RONALD M. MURDOCK, Petitioner, v JAMES P. MELTON, as Commissioner of Motor Vehicles of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent, which, after a hearing, revoked petitioner's motor vehicle operator's license for his refusal to submit to an alcohol chemical test, in violation of subdivision 1 of section 1194 of the Vehicle and Traffic Law. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. There is substantial evidence in the record to support the respondent's determination. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.

■ In the Matter of JUANITA O'MARA, Doing Business as LAUREL HAVEN REST HOME, BABYLON MANOR ADULT HOME, DAWN HILL ADULT HOME and HOLIDAY MANOR REST HOME, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Department of Social Services, dated January 8, 1981, which, after a hearing, denied petitioner's application to renew the operating certificates for four adult homes. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. An operator of an adult home must demonstrate that he or she is a person of good moral character (see Social Services Law, § 461-b, subd 2, par [a]; 18 NYCRR 486.2). Respondent determined that petitioner is not a person of good moral character, based on her conviction of grand larceny in the second degree. The gravamen of the crime consisted of receiving supplemental security income payments for boarders living in unlicensed homes, who were ineligible to receive such payments. Petitioner attempted to justify her actions by asserting that since her adult homes were full, these boarders had no place else to go. But, as noted by the respondent, petitioner cannot take the law into her own hands to solve the problem. Petitioner's conviction constitutes substantial evidence to support the determination. We would add that although petitioner received a certificate of relief from civil disabilities, this cannot prevent the denial of a license after an administrative hearing (see Correction Law, § 701, subds 2, 3). Cohalan, J. P., Margett, O'Connor and Thompson, JJ., concur.